UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETH DONOVAN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF BOSTON,<br><br>    Defendant. | C.A. No. 1:20-cv-11976 |

**PLAINTIFF'S UNOPPOSED MOTION TO ENFORCE
DEPOSITION SUBPOENA SERVED UPON RICHARD REARDON**

Pursuant to Local Rule 40.4, the plaintiff, Beth Donovan ("Ms. Donovan" or "Plaintiff"), hereby seeks an order requiring the deponent, Richard Reardon ("Mr. Reardon"), to appear for a deposition at Todd & Weld LLP, 1 Federal Street, 27th Floor, Boston, Massachusetts 02110. The defendant, City of Boston ("City" or "Defendant"), does not oppose this motion.[1]

On June 20, 2023, Ms. Donovan, by and through counsel, served a deposition subpoena duces tecum on Mr. Reardon, commanding him to appear, with documents, for a deposition to be taken stenographically and by audio/video technology at Todd & Weld's Boston office on July 14, 2023 at 9:30 a.m. As set forth below, Mr. Reardon initially agreed to be deposed at Todd & Weld's Boston office but ultimately failed to appear for the July 14, 2023 deposition without lawful justification. As a result, Ms. Donovan was forced to bear unnecessary expenses, including, without limitation, process server costs and stenographer/videographer costs.

Ms. Donovan requests an order requiring Mr. Reardon to make himself available to be deposed as soon as practicable and certainly before he leaves Massachusetts in September 2023 for the fall and winter. Ms. Donovan further seeks an order for the costs associated with Mr.

---

[1] The City, however, does not admit the truth of the allegations concerning the Boston Police Department in this motion, especially the allegations in paragraphs 1 and 2.

1

Reardon's avoidance of process and his refusal to attend the deposition after being served with process. Those costs total $1,323.50.[2]

This matter constitutes an emergency because Mr. Reardon likely will travel to his second residence in North Carolina in September 2023, and he will likely remain there for 8 months and be unavailable for trial in January 2024. Mr. Reardon's in-person videotaped deposition needs to be accomplished before he leaves Massachusetts.

In support of this motion, Ms. Donovan states as follows:

1. Mr. Reardon's testimony is highly relevant because his false internal affairs ("IA") complaint against Ms. Donovan led to a Boston Police Department ("BPD") investigation and adverse findings against her for "conduct unbecoming and respectful treatment." Mr. Reardon is an unreliable witness who has harassed the Donovans and other neighbors in Marshfield, Massachusetts. *See* **Exhibit 1** (neighbor letters). Mr. Reardon's harassment of the Donovans began in June 2017 when he unlawfully tried to coerce the Donovans' contractor to pay $300 for use of his driveway, which Mr. Reardon had voluntarily offered to the contractor. Mr. Reardon then left a voice message in which he threatened the contractor, s*ee* **Exhibit 2** (voice message with threats),[3] who contacted his local police department for assistance. *See* **Exhibit 3** (Scituate police report).

2. Mr. Reardon's false allegations against Ms. Donovan and his unreliability as a witness were transparent. Yet, the BPD used his allegations as part of its plan to punish Ms. Donovan for complaining about Superintendent Frank Mancini's hostility towards her and his handling of the BPD's investigations of Richard Driscoll's assault on her in 2017 and a prior sexual assault against her in 2013. Accordingly, Mr. Reardon is a necessary witness

---

[2] This total amount does not include the $82.71 witness fee payable to Mr. Reardon. *See* **Exhibits 9, 12-13**.
[3] A copy of the voice message will be provided to the court separately for filing as it cannot be e-filed.

2

with unique personal knowledge related to the claim being litigated. Furthermore, it is anticipated that the City of Boston intends to introduce Mr. Reardon's IA complaint and the BPD's findings against Ms. Donovan as part of its defense at trial. Thus, Mr. Reardon's deposition testimony is highly relevant.

3. Ms. Donovan has made numerous attempts to obtain Mr. Reardon's deposition testimony. On February 15, 2023, Mr. Reardon was served with a subpoena to appear for a deposition at Todd & Weld's Boston office on March 24, 2023 at 10:00 am. Mr. Reardon was served by hand delivery at his North Carolina home address located at 395 S Crow Creek Drive, NW Unit 2313, Calabash, NC 28467. *See* **Exhibit 4**. In response, Mr. Reardon called and left a voicemail for Plaintiff's counsel stating, "I would be glad to testify against [her] because I have my opinions about her and they are not good." Mr. Reardon further stated that he would be willing to testify upon his return to Massachusetts in June 2023, where he spends the summer each year. *See* **Exhibit 5**.[4]

4. On March 7, 2023, Mr. Reardon was served with a second subpoena that changed the location of the March 24, 2023 deposition from Todd & Weld's Boston office to a location nearest to him in North Carolina that could provide a court reporter, which was only 50 miles from his residence there. *See* **Exhibit 6**. The location was changed because of a prior discovery deadline and to ensure that Mr. Reardon was deposed before that deadline. In a subsequent telephone call with Plaintiff's counsel, Attorney Nicholas Carter ("Attorney Carter"), Mr. Reardon complained that the 50-mile drive from his Calabash, NC home address to the Wilmington, NC deposition location was too great.

---

[4] A copy of the voice message will be provided to the court separately for filing as it cannot be e-filed.

5. Thereafter, on March 15, 2023, Mr. Reardon was seen by a physician at Novant Health Family & Internal Medicine South Brunswick in Carolina Shores, NC. According to incomplete paperwork provided by Mr. Reardon,[5] the physician was "concerned" about Mr. Reardon's health and stated that the 1-hour drive from Calabash, NC to Wilmington, NC would be "unsafe" for Mr. Reardon to do alone. *See* **Exhibit 7**.

6. On or about June 18, 2023, Mr. Reardon returned to 257 Foster Avenue, Marshfield, Massachusetts 02050.

7. Thereafter, on June 21, 2023, a Massachusetts process server with Jon Pollack & Associates, Derrick Hughes ("Mr. Hughes"), attempted to serve Mr. Reardon with a subpoena requiring him appear for a deposition at Todd & Weld's Boston office on July 14, 2023 at 9:30 a.m. According to Mr. Hughes, there was "[n]o answer or response" on his first attempt. On June 22, 2023, Mr. Hughes again attempted to serve Mr. Reardon and made the following observations:

> I arrived at 5:37pm on 6/22/2023. Noticed a gray Toyota, possibly Corolla. License plate TAX 1130 (North Carolina Plate). Knocked on the door. Could see movement inside the house. Occupant appears to say something but couldn't hear what was said. I placed my Constable badge in the window of the door and showed the envelope containing documents for Richard Reardon. I could hear movement in the house above me. Out of caution, I stepped back to watch the windows above. Occupant has an N.R.A. sticker on the front door. Occupant returns to the kitchen area of the house to write something. The occupant then approached the door showing a note stating, "PLEASE LEAVE MY PROPERTY." I never got the opportunity to state why I was there or for whom. At this point, I simply left the area. *See* **Exhibit 8**.

8. The total cost associated with Mr. Reardon's avoidance of service by Jon Pollack & Associates is $250.00. *See* **Exhibit 9**.

---

[5] Mr. Reardon provided 2 of 5 pages concerning his March 15, 2023 doctor's appointment at Novant Health Family & Internal Medicine South Brunswick in Carolina Shores, NC.

9. Shortly thereafter, on or about June 26, 2023, Mr. Reardon caused a letter from a physician at Harvard Vanguard Medical Associates in Braintree, MA to be delivered to Attorney Carter. The physician's letter dated June 23, 2023 stated that Mr. Reardon has "serious chronic medical problems that are aggravated by stress" and further declared in conclusory fashion that "[i]t would not be medically advisable [for Mr. Reardon] to participate in depositions." Mr. Reardon, however, is quite healthy, lives in and maintains two homes (in Massachusetts and North Carolina), and regularly drives his own car. Mr. Reardon further indicated that he is represented by counsel who would contact Ms. Donovan's attorneys to discuss this matter, but Mr. Reardon never followed up and no attorney has contacted Attorney Carter on his behalf. *See* **Exhibit 10**.

10. Plaintiff then engaged the service of the Plymouth County Sheriff's Department ("Sheriff's Department") to serve Mr. Reardon. The Sheriff's Department attempted to serve him on June 29, July 3, and July 5, 2023, but to no avail. On July 7, 2023, Mr. Reardon was served (yet again) with a subpoena requiring him to appear for a deposition at Todd & Weld's Boston office on July 14, 2023 at 9:30 a.m. *See* **Exhibit 11**. The total cost associated with serving Mr. Reardon through the Sheriff's Department is $226.21. *See* **Exhibit 12**.

11. On July 12, 2023, Mr. Reardon called and spoke to Attorney Carter. Mr. Reardon stated that he would not attend the scheduled deposition. In response, Attorney Carter informed Mr. Reardon that he was required to do so, unless he obtained relief from the Court. Attorney Carter also recommended that Mr. Reardon retain counsel to advise him on this issue.

12. On July 14, 2023 at 9:30 a.m., the parties met at Todd & Weld's Boston office for the deposition of Mr. Reardon. Mr. Reardon ignored the subpoena and did not appear. As a result, Ms. Donovan incurred an unnecessary cost of $930.00 for the attendance of the stenographer and videographer. *See* **Exhibit 13**.

13. Mr. Reardon was served with a deposition subpoena in both North Carolina and Massachusetts. Mr. Reardon agreed to appear for a deposition at Todd & Weld's Boston office when he thought he would be testifying *against* Ms. Donovan. When Mr. Reardon learned that the deposition subpoena came from Ms. Donovan's attorneys, he actively and repeatedly sought to evade service and sent two doctor's notes purporting to excuse his participation in depositions. During a telephone conference with Attorney Carter, Mr. Reardon stated that he would not attend the July 14, 2023 deposition, despite Attorney Carter informing him that he was under subpoena and obligated to attend, unless he obtained relief from the Court. Mr. Reardon ignored the subpoena nonetheless and refused to attend.

14. "While failure of a third-party witness to appear for a deposition is punishable by contempt even without a prior court order, 'the more prudent practice for the court is to issue such an order [directing compliance with the subpoena] before entertaining a motion for contempt.'" *Sys. Techs. Res. Inc. v. United Vision Sols., LLC*, No. 3:16-CV-30138-MGM, 2018 WL 3853717, at *2 (D. Mass. June 18, 2018) (quoting *SEC v. Hyatt*, 621 F. 3d 687, 694 (7th Cir. 2010) (citing 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2465 (3d ed. 2008) ("The district judge normally will preface a contempt citation with an order directing either compliance with the subpoena or a showing of an excuse for the noncompliance"))), *report and recommendation adopted*, Docket No. 3:16-CV-30138-MGM, ECF No. 47.

15. Therefore, Ms. Donovan requests that an order issue requiring Mr. Reardon, a resident of Marshfield, Massachusetts, to appear for a deposition at Todd & Weld's Boston office as soon as practicable. See Local Rule 30.1 (stating that "Boston is deemed a convenient place for taking of a deposition of any person who resides . . . or transacts business in person in Suffolk, Bristol, Essex, Middlesex, Norfolk, or Plymouth Counties").

16. If Mr. Reardon fails to appear for the deposition, Ms. Donovan should be allowed to file a motion for contempt. *See Sys. Tech.*, Docket No. 3:16-CV-30138-MGM, 2018 WL 3853717, at *2, *report and recommendation adopted*, Docket No. 3:16-CV-30138-MGM, ECF No. 47 (stating that pursuant to Fed. R. Civ. P. 45(g), "[t]he court for the district where compliance [with a subpoena] is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it"); *see also Morse v. Mass. Exec. Office of Public Safety, Dept. of State Police*, Docket No. 12-CV-40160-TSH, 2014 WL 3501036, at *2 (D. Mass. July 9, 2014) (Hennessy, M.J.).

17. Ms. Donovan further requests that the Court allow her to use an alternative means of service for court papers (e.g., subpoenas, court orders, etc.). Specifically, Ms. Donovan requests permission to serve Mr. Donovan by leaving a copy of court papers at his Marshfield, Massachusetts residence. *See Alves v. Daly*, No. CA 12-10935-MLW, 2013 WL 1330010, at *4 (D. Mass. Mar. 29, 2013) ("Plaintiff's attempts to serve process on [one of the defendants] ha[d] been sufficiently diligent to warrant an alternative method of service of process"); *see also Swenson v. Mobilityless*, LLC, 2020 WL 2404835, at *2 (D. Mass. May 12, 2020) (authorizing service by email and phone); *Sec. & Exch. Comm'n v. Marvel Partners*, 2008 WL 11511616, at *2 (D. Mass. Dec. 22, 2008) (authorizing service by email when "email is the only means of communication the defendants are known to have used").

Leaving a copy of the court papers at Mr. Reardon's home residence in Marshfield, Massachusetts is reasonable as he does not have a known e-mail (and may not use e-mail) and his mailing address is unknown (he may use a PO box).

WHEREFORE, Ms. Donovan respectfully requests that this Court issue an Order enforcing the deposition subpoena served upon Richard Reardon.  **A PROPOSED COURT ORDER IS ATTACHED HERETO**.

Respectfully submitted,

BETH DONOVAN,

By her Attorneys,

/s/ Nicholas Carter
Nicholas Carter (BBO No. 561147)
Lucia A. Passanisi (BBO No. 691189)
Widmaier M. Charles (BBO No. 705208)
Todd & Weld LLP
One Federal Street, 27th Floor
Boston, MA 02110
Telephone: 617-720-2626
ncarter@toddweld.com
lpassanisi@toddweld.com
wcharles@toddweld.com

Dated: July 20, 2023

## LOCAL RULE 7.1 CERTIFICATE

Pursuant to L.R. 7.1, Plaintiff's counsel, Nicholas Carter, certifies that he conferred with Defendant's counsel about this motion and Defendant does not oppose this motion.

/s/ Nicholas Carter
Nicholas Carter

**CERTIFICATE OF SERVICE**

       I, Nicholas Carter, hereby certify that the foregoing document was filed through the ECF system and will therefore be sent electronically to all counsel of record as identified on the Notice of Electronic Filing (NEF).

                                              /s/ Nicholas Carter
                                              Nicholas Carter

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETH DONOVAN,<br><br>   Plaintiff,<br><br>v.<br><br>CITY OF BOSTON,<br><br>   Defendant. | C.A. No. 1:20-cv-11976 |

**COURT ORDER TO ENFORCE**
**DEPOSITION SUBPOENA SERVED UPON RICHARD REARDON**

  It is now **ORDERED** that Richard Reardon ("Mr. Reardon") appear for his deposition at Todd & Weld LLP, 1 Federal Street, 27th Floor, Boston, MA 02110. The deposition shall take place at a date and time agreed upon by the parties to this lawsuit. Should Mr. Reardon fail to appear and complete his deposition as required, Ms. Donovan may petition the Court for an order holding Mr. Reardon in contempt of this Court.

  The Court **FURTHER ORDERS** that counsel promptly serve a copy of this ORDER upon Mr. Reardon through the Plymouth County Sheriff's Department and service shall be deemed effective by leaving a copy of the Court's Order at his Massachusetts residence. Plaintiff may also serve a copy of this ORDER upon Mr. Reardon via certified mail or Federal Express at his Massachusetts residence.

  The Court **FURTHER ORDERS** that Mr. Reardon shall be responsible to pay for the costs incurred by Plaintiff for the service of any subpoena upon him in Massachusetts and the costs incurred by Plaintiff for the stenographer and videographer who appeared for the July 14, 2023 deposition, which Mr. Reardon refused to attend. The total cost for which he is currently responsible is $1,323.50.

1

Dated: _____

By Order of the Court:

_____
United States District Court Judge